

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301
1-800-659-8726

Mailing Address
Post Office Box 1713
Charleston, WV 25326
304-345-2200
FAX: 304-347-5104

FILED
MAY 24 2012
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

April 5, 2012

Dwane E. Tinsley, Esquire
Hendrickson & Long, PLLC
Post Office Box 11070
Charleston, West Virginia 25339

Re: <u>United States v. Diane E. Shafer, M.D.</u>

Dear Mr. Tinsley:

This will confirm our conversations with regard to your client, Diane E. Shafer, M.D. (hereinafter "Dr. Shafer"). As a result of these conversations, it is agreed by and between the United States and Dr. Shafer as follows:

1. **CHARGING AGREEMENT.** Dr. Shafer agrees to waive her right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a one-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

2. **RESOLUTION OF CHARGES.** Dr. Shafer will plead guilty to a violation of 21 U.S.C. § 846 (conspiracy to misuse DEA registration number) as charged in said information.

3. **LICENSE REVOCATION.** Dr. Shafer has voluntarily surrendered her DEA registration and agrees to never apply for re-registration with the Drug Enforcement Administration to dispense, prescribe or administer controlled substances.

4. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Dr. Shafer will be exposed by virtue of this guilty plea is as follows:

   (a) Imprisonment for a period of up to 4 years;

   (b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

_DS_
Defendant's initials

Dwane L. Tinsley, Esquire
April 5, 2012
Page 2                                  Re:  Diane E. Shafer, M.D.

- (c) A term of supervised release of 1 year;

- (d) A mandatory special assessment of $100.00 pursuant to 18 U.S.C. § 3013;

- (e) Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Dr. Shafer for a period of 1 year; and

- (f) Restitution as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

5. **TERMINATION OF PROSECUTION.** The conviction and final disposition of Dr. Shafer pursuant to this plea agreement will conclude the prosecution of her by the United States in the Southern District of West Virginia for offenses she may have committed relating to her medical practice in Williamson, Mingo County, West Virginia, during calendar years 2008 through 2011.

6. **SPECIAL ASSESSMENT.** Prior to the entry of a plea pursuant to this plea agreement, Dr. Shafer will tender a check or money order to the Clerk of the United States District Court for $100.00, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Dr. Shafer will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Dr. Shafer fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Dr. Shafer.

7. **FORFEITURE.** Dr. Shafer agrees that the offense to which she is pleading guilty pursuant to this agreement, that is, conspiracy to misuse her DEA registration number to distribute controlled substances in violation of 21 U.S.C. § 846, generated gross proceeds of at least $134,550.00. Accordingly, Dr. Shafer agrees to forfeit that sum to the United States in a related pending civil forfeiture action styled <u>United States v. $599,274.58</u>, Civil Action No. 2:10-cv-1406. Dr. Shafer further agrees:

DS
Defendant's
initials

Dwane L. Tinsley, Esquire
April 5, 2012
Page 3                                    Re:  Diane E. Shafer, M.D.


(a) To provide sworn testimony and to execute any documents deemed necessary by the United States to effectuate the forfeiture and to transfer title to the said property to the United States; and

(b) To waive any defenses to this criminal action, or to any related administrative or judicial forfeiture action, based in whole or in part on the Excessive Fines Clause of the Eighth Amendment to the Constitution, or the holding or principles set forth in United States v. Alexander, 509 U.S. 544 (1993); United States v. Bajakajian, 524 U.S. 321 (1998); United States v. Austin, 509 U.S. 602 (1993); and their progeny.

8. **PAYMENT OF MONETARY PENALTIES.** Dr. Shafer agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Dr. Shafer further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

9. **COOPERATION.** Dr. Shafer will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Dr. Shafer may have counsel present except when appearing before a grand jury.

10. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Dr. Shafer, and except as expressly provided for in paragraph 12 below, nothing contained in any statement or testimony provided by her pursuant to this agreement, or any evidence developed therefrom, will be used against her, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

DS
Defendant's initials

Dwane L. Tinsley, Esquire
April 5, 2012
Page 4                              Re:  Diane E. Shafer, M.D.


11. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Dr. Shafer for any violations of federal or state laws. The United States reserves the right to prosecute Dr. Shafer for perjury or false statement if such a situation should occur pursuant to this agreement.

12. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Dr. Shafer stipulate and agree that the facts comprising the offense of conviction include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

Dr. Shafer agrees that if she withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by her, and she is subsequently tried on any of the charges in the Information, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of her or of any of her witnesses, or in rebuttal of any testimony introduced by her or on her behalf. Dr. Shafer knowingly and voluntarily waives, see <u>United States v. Mezzanatto</u>, 513 U.S. 196 (1995), any right she has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Dr. Shafer understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

DS<br>
Defendant's<br>
initials

Dwane L. Tinsley, Esquire
April 5, 2012
Page 5                                    Re:  Diane E. Shafer, M.D.

    13. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Dr. Shafer agree that the following provisions of the United States Sentencing Guidelines apply to this case.

One-Count Information

    USSG 2D3.1

| | |
|---|---|
| Base offense level | 6 |
| Position of Trust | + 2 |
| Adjusted Offense Level | 8 |

    The United States and Dr. Shafer acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

    14. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** The parties reserve the right to appeal the District Court's determination of the adjusted offense level, prior to consideration of acceptance of responsibility, if the District Court's determination differs from that stated in paragraph 12 above. Nonetheless, Dr. Shafer knowingly and voluntarily waives her right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is below or within the Sentencing Guideline range corresponding to offense level 6. The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to offense level 8.

                                                      DS
                                                    Defendant's
                                                    initials

Dwane L. Tinsley, Esquire
April 5, 2012
Page 6                                    Re:  Diane E. Shafer, M.D.

Dr. Shafer also knowingly and voluntarily waives the right to challenge her guilty plea and her conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

15. **WAIVER OF FOIA AND PRIVACY RIGHT.** Dr. Shafer knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

16. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

(a) Inform the Probation Office and the Court of all relevant facts and conduct;

(b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

(c) Respond to questions raised by the Court;

(d) Correct inaccuracies or inadequacies in the presentence report;

(e) Respond to statements made to the Court by or on behalf of Dr. Shafer;

(f) Advise the Court concerning the nature and extent of Dr. Shafer's cooperation; and

(g) Address the Court regarding the issue of Dr. Shafer's acceptance of responsibility.

DS<br>Defendant's initials

Dwane L. Tinsley, Esquire
April 5, 2012
Page 7                                    Re:  Diane E. Shafer, M.D.

    17. **VOIDING OF AGREEMENT**. If either the United States or Dr. Shafer violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

    18. **ENTIRETY OF AGREEMENT**. This written agreement constitutes the entire agreement between the United States and Dr. Shafer in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Dr. Shafer in any Court other than the United States District Court for the Southern District of West Virginia.

    Acknowledged and agreed to on behalf of the United States:

                                          R. BOOTH GOODWIN II
                                          United States Attorney

                By: _____
                           JOHN J. FRAIL
                           Assistant United States Attorney

JJF/slk

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this seven-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_Diane E. Shafer MD_                                     4-09-12
DIANE E. SHAFER, M.D.                        Date Signed
Defendant

_Dwane L. Tinsley_                                       Apr. 19, 2012
DWANE L. TINSLEY, ESQUIRE                 Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.	CRIMINAL NO. _____
	21 U.S.C. § 846

DIANE E. SHAFER, M.D.

INFORMATION

The United States Attorney Charges:

From in or about January 2009, to in or about December 2009, at or near Williamson, Mingo County, West Virginia, and within the Southern District of West Virginia, defendant DIANE E. SHAFER, M.D., and other individuals known and unknown to the United States Attorney, knowingly conspired to commit offenses in violation of 21 U.S.C. § 843(a)(2), that is, knowingly and intentionally using the registration number issued to another person in the dispensing of and for the purpose of acquiring and obtaining hydrocodone, a Schedule III controlled substance, and alprazolam, also known as "Xanax," a Schedule IV controlled substance.

In violation of Title 21, United States Code, Section 846.

UNITED STATES OF AMERICA

R. BOOTH GOODWIN II
United States Attorney

By: _____
JOHN J. FRAIL
Assistant United States Attorney

"PLEA AGREEMENT EXHIBIT A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.  CRIMINAL NO.

DIANE E. SHAFER, M.D.

## STIPULATION OF FACTS

The United States and Diane E. Shafer, M.D., ("Defendant") stipulate and agree that the facts comprising the offense of conviction in the single-count information to be filed in the Southern District of West Virginia, include the following:

At all relevant times:

1. Defendant was a duly licensed physician/medical doctor (M.D.) with her principal practice located at 114 West Second Avenue, Williamson, Mingo County, West Virginia, within the Southern District of West Virginia.

2. Defendant possessed a Drug Enforcement Administration (DEA) registration number which authorized her to prescribe controlled substances for legitimate medical purposes and within the usual course and bounds of medical practice.

3. Defendant knew it was improper, illegal and outside the normal course of professional medical practice to allow others to utilize her DEA registration number to issue controlled substance prescriptions when she was absent from her principal practice location and had not determined that the controlled substance prescription was for a legitimate medical purpose on the date the prescription was provided.

4. Defendant knew that all controlled substance prescriptions were required to be dated as of, and signed by Defendant on, the date when issued.

5. Defendant knew that hydrocodone was a Schedule III controlled substance and alprazolam, also known as "Xanax," was a Schedule IV controlled substance.

**"PLEA AGREEMENT EXHIBIT B"**

6. From at least January 2009, to in or about December 2009, Defendant, who was intermittently absent from her office, prepared prescriptions for hydrocodone and alprazolam, which she signed but did not date, and left them in patient charts and in other locations throughout her office. During these absences, defendant directed certain employees known to the United States Attorney in her principal practice location to keep the office open, and instructed them to distribute the prepared controlled substance prescriptions. The known individuals dated the prepared prescriptions and distributed them to patients who came to Defendant's practice location and paid a cash fee. The prescriptions were distributed by the known individuals from Defendant's principal practice location with Defendant's knowledge even though she had neither seen the patient nor determined that the controlled substance prescription issued under her DEA registration was for a legitimate medical purpose on the date actually issued. On the days Defendant was absent from her principal practice location, she did not know who was receiving controlled substances.

This Stipulation of Facts does not contain each and every fact known to Defendant and to the United States concerning her involvement and the involvement of others in the charges set forth in the Information, and is set forth for the limited purpose of establishing a factual basis for Defendant's guilty plea.

Stipulated and agreed to:

_____     4-9-12
DIANE E. SHAFER, M.D.               Date
Defendant

_____     Apr. 19, 2012
DWANE L. TINSLEY, ESQUIRE           Date
Counsel for Defendant

_____     4-16-12
JOHN J. FRAIL                       Date
Assistant United States Attorney